IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE: NIKITA OZKAN | CV 17-00077-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

As Mr. Ozkan is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915. In a prior Order, the Court began this screening process and found that Mr. Ozkan's Complaint violated Rule 8 of the Federal Rules of Civil Procedure. The original filing listed no defendants, provided no facts, and provided no intelligible allegations. (Docs. 1, 3, 6, 7.) The Court could not determine from Mr. Ozkan's multiple filings what claims he was trying to bring. Therefore, the Court found that the original filings failed to state a claim upon which relief could be granted. (Doc. 9.)

Mr. Ozkan has now filed an Amended Complaint. (Doc. 12.) Rule 8 sets forth the general rules of pleading and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic*

1

*Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Mr. Ozkan has not met this standard.

Although Mr. Ozkan utilized the Court's form for filing an amended complaint, he still failed to provide any facts or any intelligible allegations. In fact, other than listing his name and "Montana" in the case style, and checking some boxes, the form is largely blank. He did file some attachments, but they primarily consist of copies of the Court's prior Order, Notice of Case Opening, and docket. (Doc. 12-1.)

Mr. Ozkan listed Montana as the Defendant in the caption of the Amended Complaint (Doc. 12 at 1), but the Eleventh Amendment bars suit in federal court against a state absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). In addition, States are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

The Court has also considered whether Mr. Ozkan's Amended Complaint is

otherwise frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Mr. Ozkan's allegations fail to state a plausible claim upon which relief may be granted.

Although Mr. Ozkan need not set forth detailed factual allegations, the Court previously advised him that he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).  Further, as the Supreme Court has made clear, if a "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).  The Court explained the defects in Mr. Ozkan's claims in its prior Order.  Mr. Ozkan was given an opportunity to provide additional factual allegations regarding his claims, and he provided no further information.

Given his unsuccessful attempt at amendment, it is now clear that Mr. Ozkan is unable to cure the deficiencies of his federal civil rights claims by

amendment, and that granting him further leave to amend would be futile. The Court therefore recommends that the case be dismissed without further leave to amend and with prejudice for failure to state a claim. *See, e.g., Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend"); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes

plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Ozkan failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ozkan may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of January, 2018.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Ozkan is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.